IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. LYLE,<br><br>　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN MATEO;<br>SHERIFF CARLOS BOLANOS;<br>CORRECTIONAL HEALTH<br>SERVICES; SAN MATEO COUNTY<br>GENERAL HOSPITAL; DR.<br>RONALD GREENWALD, DEPUTY<br>SHERIFF CROOKER; NURSE<br>PRACTITIONER CARRIE,<br><br>　　　Defendants　　　　　　　／ | No. C 19-1190 WHA (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**<br><br>(Dkt. No. 5) |

**INTRODUCTION**

Plaintiff, an inmate in the San Mateo County Jail, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendants' provided inadequate care for his medical condition, in violation of his constitutional rights. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the claims against defendants County of San Mateo, Sheriff Carlos Bolanos, San Mateo County General Hospital, Deputy Sheriff Crooker, and Nurse Practitioner Carrie are dismissed, and the complaint is ordered served upon defendants Dr. Ronald Greenwald and the Correctional Health Services.

**ANALYSIS**

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he has a brain injury for which surgery was prescribed by a doctor at the University of California, San Francisco. In January 2019, while in San Mateo County Jail, he was taken to the Correctional Health Services. He was informed by defendant Nurse Practitioner Carrie that he would he would be examined by a "pain specialist," and defendant Deputy Sheriff Crooker transported plaintiff to the San Mateo County Hospital for that purpose.

When he got to the hospital, however, he was examined by defendant Dr. Greenwald, who is a surgeon. Dr. Greenwald found that plaintiff's injury was stable, that no surgery is needed, and that any surgery would be elective.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. Although a deliberate indifference test applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). It would appear from plaintiff's being in county jail and not state prison that plaintiff is a pretrial detainee and not a prisoner. Thus, it would appear that the due process standard for deliberate indifference announced in *Gordon* applies to his claims. When liberally construed, the allegations are sufficient to state a cognizable claim for relief against Dr. Greenwald and the Correctional Health Services for failing to provide plaintiff with surgery for his brain injury.

The same cannot be said for the other defendants. Neither Deputy Crooker nor Nurse Carrie examined plaintiff nor participated in the decision not to provide him brain surgery. Defendants San Mateo County and San Mateo County Hospital are municipal entities, against whom plaintiff has not alleged a pattern, practice or policy that led to Dr. Greenwald's diagnosis. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). These defendants also cannot be held liable — and neither can Sheriff Bolanos — based upon the fact that they are the employers or supervisors of Dr. Greenwald because there is no liability under Section 1983 based upon the actions of subordinates or employees. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The claims against defendants County of San Mateo, Sheriff Carlos Bolanos, San

Mateo County General Hospital, Deputy Sheriff Crooker, and Nurse Practitioner Carrie are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendant **Dr. Ronald Greenwald at San Mateo County General Hospital and the Correctional Health Services in Redwood City, California.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the San Mateo County Counsel's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   c. Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

   e. Along with his motion, defendant shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

4

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. The motion for a temporary restraining order and preliminary injunction is **Denied** because there is not a likelihood of success on the merits of plaintiff's claims, and plaintiff has not served notice to the defendants or certified his efforts to do so and explanation for the lack of notice. *See* Fed. R. Civ. P. 65(a)(1), (b).

IT IS SO ORDERED.

Dated: March 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.